IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT ZYCHEK, | ) |
|               Plaintiff, | ) Case No. CV06-64-N-EJL |
| v. | ) **MEMORANDUM ORDER** |
| KIMBALL INTERNATIONAL MARKETING INC., | ) |
|               Defendant. | ) |

Pending before the Court in the above-entitled matter is Defendant's motion to dismiss (Docket No. 4) and Plaintiff's motion to remand (Docket No. 9). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Motion to Remand

Plaintiff contends this case should be remanded to state court. The Court has reviewed the notice of removal and finds Defendant has timely complied with all the requirements for removal based on diversity jurisdiction. See 28 U.S.C. 1446. Plaintiff seems to argue that the Court has the discretion to remand the case to state court even though the Defendant's compliance with the removal procedure and diversity jurisdiction is not disputed by Plaintiff. Plaintiff is mistaken. This Court does not have the discretion to decline to hear a properly removed case. Thoertron Products Inc. v. Hermasdorfer, 423 U.S. 336, 344-45 (1976). The motion to remand is denied.

**Memorandum Order -- Page 1**

Motion to Dismiss

Defendant Kimball International Marketing, Inc. ("Kimball") filed a motion to dismiss alleging the Complaint by Plaintiff Robert Zychek is time barred. Plaintiff argues the applicable statute of limitations was statutorily or equitably tolled making the Complaint filed in the above-captioned matter timely filed.

1. Factual Background

Plaintiff alleges he was fired in violation of the Idaho Human Rights Act and public policy and that the Defendant negligently inflicted emotional distress and intentionally inflicted emotional distress on Plaintiff. Plaintiff Zychek was terminated from his employment with Flexcel, a subsidiary of Kimball, on or about April 25, 2003. Plaintiff filed a complaint with the Idaho Human Rights Commission ("IHRC"). The IHRC issued a notice of dismissal and right to sue letter on February 7, 2005. The notice from the IHRC stated Plaintiff had 90 days from the issuance of the notice of dismissal to file a lawsuit under the Human Rights Act, Idaho Code 6-5908(2). The IHRC also forwarded the complaint on to the Equal Employment Opportunity Commission.

On or about March 2, 2005, the Plaintiff filed a lawsuit in federal court, Zychek v. Kimball International Marketing, Inc., Civ. 05-078-N-EJL alleging a violation of the Age Discrimination in Employment Act, the Idaho Human Rights Act and public policy as well as causes of action alleging Defendant negligently and intentionally inflicted emotional distress. The Plaintiff moved for an extension of time to serve the Complaint on Defendant Kimball. The Court granted the requested extension. It is undisputed the Complaint in Civ. 05-078-N-EJL was never served on Defendant Kimball. In December of 2005, Plaintiff moved to voluntarily dismiss the Complaint pursuant to Fed. R. Civ. P. 41(a). See Docket No. 9. This Court granted the motion to dismiss all claims without prejudice on December 29, 2005. See Docket No. 10.    On or about December

**Memorandum Order -- Page 2**

14, 2005, Plaintiff filed a Complaint in state court alleging a violation of the Idaho Human Rights Act and public policy and that Defendant negligently inflicted emotional distress and intentionally inflicted emotional distress on Plaintiff. This second lawsuit was served on Defendant Kimball and the Defendant timely removed the case to federal court.

Finally, the Court takes judicial notice that the EEOC filed a Complaint against Defendant Kimball on September 14, 2005 regarding the termination of Mr. Zycheck. See EEOC v. Kimball International, Inc., Civ. 05-371-N-EJL .

2. Standard of Review

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Clegg v. Cult Awareness Network, 18 F. 3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. See Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc., 911 F.2d 242, 247 (9th Cir. 1990). While amendments are liberally permitted under Rule 15(a), the district court may deny leave to amend when there has been an undue delay in bringing the motion, and the opposing party would be unfairly prejudiced by the amendments. See United States v. Pend Oreille Public Utility Dist. No. 1, 28 F.3d 1544, 1552-53 (9th Cir. 1994).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.

**Memorandum Order -- Page 3**

1994). If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Fed. R. Civ. P. 56. See Jacobsen v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995).

But as Branch makes clear, there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." Branch, 14 F.3d at 453.

3. Analysis

Defendant Kimball claims the December 14, 2005 lawsuit (Civ. 06-064-N-EJL) was not timely filed within 90 days of the notice of dismissal by the IHRC and outside the two year statute of limitation for the other state law claims. Plaintiff Zychek argues the statute of limitations was tolled by 28 U.S.C. 1367 or by the equitable tolling doctrine. The Court finds the Complaint is not timely filed and must be dismissed as a matter of law.

First, the 90 day statute of limitations from the notice of dismissal by the IHRC is jurisdictional and is to be strictly construed. While it is true Plaintiff filed his complaint including the Idaho Human Rights Act claim as well as other state law and federal law claims within 90 days, such complaint was not served on Defendant giving Defendant notice of Plaintiff's Idaho Human Rights Act claim. Plaintiff is attempting to extend the statute of limitations by not serving the complaint, requesting an extension of time to serve and then voluntarily dismissing the complaint. This practice clearly prejudices Defendant and does not toll the statute of limitations. To allow the filing of the complaint (with no service on Defendant) and then voluntarily dismiss the complaint to toll the statute of limitations would be unjust and would effectively extend the 90 day statute of

**Memorandum Order -- Page 4**

limitation set forth in the Idaho Code. "Statutes of limitation in Idaho are not tolled by judicial construction, but rather by the express [] language of the statute." McCuskey v. Canyon County Comm'rs, 128 Idaho 213, 218, 912 P.2d 100, 104 (1996) (citing Independent Sch. Dist. of Boise City v. Callister, 97 Idaho 59, 63, 539 P.2d 987, 991 (1975).

The same is true for the other state law claims with a two year statute of limitation. Idaho Code § 5-219 provides for a two year statute of limitation for claims brought in tort. The first notice Defendant had of the state law claims was based on the filing of the December 14, 2005 complaint. The December 14, 2005 complaint is clearly beyond the two year statute of limitations from the date of Plaintiff's termination in April 25, 2003. Therefore the state law claims of termination in violation of public policy, negligent infliction of emotional distress and intentional infliction of emotional distress must also be dismissed as being time barred. The Court acknowledges it is not unusual for a party to file a lawsuit and not serve it immediately to prevent the statute of limitations from expiring, but the filing of the lawsuit does not toll the statute of limitations period if such lawsuit is never served and is voluntarily dismissed by Plaintiff.

Second, under the facts of this case, 28 U.S.C. § 1367(d) does not provide for the tolling of the applicable statute of limitations. The dismissal of all claims (federal and state) in Civ. 05-078-N-EJL was not pursuant to 28 U.S.C. § 1367. Therefore, the Plaintiff cannot rely on 28 U.S.C. § 1367(d) to toll the statute of limitations. See Parris v. HBO & Co., 85 F. Supp 2d 792,797 (S.D. Ohio 1999) wherein the court stated:

> [F]or § 1367(d) to be applicable, the supplemental claim brought pursuant to § 1367(a) must have been dismissed by the court pursuant to § 1367(c). Herein, Plaintiff's state law claims were voluntarily dismissed . . .pursuant to Fed. R. Civ. P. 41(a)(1), and not pursuant to 28 U.S.C. § 1367(c). Accordingly, Plaintiff cannot avail himself of 1367(d).

The Supreme Court also held § 1367(d) should not be applied to toll statutes of limitations

**Memorandum Order -- Page 5**

for dismissals other than those "specific situations in which a district court may decline to exercise supplemental jurisdiction over a particular claim." Raygor v. Regents of the University of Minnesota, 534 U.S. 533, 545 (2002). In Civ. 05-078-N-EJL, the Court made no rulings on supplemental jurisdiction over the state law claims.

Third, equitable tolling is not appropriate for this case. The Court acknowledges that equitable tolling of statutes of limitation have been granted by some courts based on exceptional circumstances. However, the Plaintiff has not provided any case law to support equitable tolling that has been found to be appropriate in situations similar to the case at bar. Instead, Plaintiff cites the Court to Idaho cases where in the court recognized the doctrine of equitable tolling, but rejected the doctrine's application to the facts of the case. See Byrant v. City of Blackfoot, 137 Idaho 307, 48 F.3d 636 (2002); Wait v. Leavell Cattle, Inc., 136 Idaho 792, 41 P.23d 220 (2001).

Plaintiff also cites the Court to Isthmus Landowners Association v. California, 601 F.2s 1087, 1090 (9th Cir. 1979) for the proposition that filing the federal lawsuit tolled the running of the state statute of limitations. This case is distinguishable from the case at bar. First, the cited case is not binding on this Court as it was interpreting a California statute of limitations. Second, the defendants in the California case, unlike the present case, were provided notice of both of the state and federal lawsuits that were timely filed. Third, the Court can find no Idaho employment case where the 90 day statute of limitations for an Human Rights Act claims was equitably tolled. Fourth, even in California, equitable tolling is not available "to a plaintiff who engages in the procedural tactic of moving the case from one forum to another in the hopes of obtaining more favorable rulings." Mitchell v. Frank R. Howard Mem'l Hosp., 6 Cal.App.4th 1396, 8 Cal.Rptr.2d 521, 529 (1992).

Under the facts of the case at bar, the Court finds no compelling reason to equitably toll the

**Memorandum Order -- Page 6**

statute of limitations. The equitable tolling considerations might be different if Plaintiff had timely served the complaint in civil case 05-078-N-EJL on Defendant Kimball, but such is not the case and Defendant Kimball is clearly prejudiced by Plaintiff's failure to provide notice of the state law claims within the applicable statutes of limitations for such claims. Moreover, nothing in the record supports that Plaintiff was unable to serve the Complaint in 05-078-N-EJL on the Defendant. In fact, Plaintiff was given an extension of time to serve the Complaint and failed to do so. Instead, Plaintiff elected to voluntarily dismiss the action.

Furthermore, Plaintiff still has his federal age discrimination claim via the EEOC complaint in Civ. 05-371-N-EJL. The Idaho Supreme Court has held that the same standards of proof applicable in Title VII cases govern actions under Idaho Human Rights Act. Bowles v. Keating, 100 Idaho 808, 812, 606 P.2d 458, 462 (1979). Since a plaintiff is not entitled to a double recovery, the damages Plaintiff can seek in the EEOC complaint are the same damages that would have been recoverable under the state law cause of action. Accordingly, the prejudice to Plaintiff in not granting equitable tolling is minimal.

For all of the above reasons, the Court finds the Defendant's motion to dismiss should be granted.

**ORDER**

Being fully advised in the premises, the Court hereby orders the Plaintiff's motion to remand (Docket No. 9) is **DENIED** and Defendant's motion to dismiss (Docket No. 4) is **GRANTED**. The case is **DISMISSED IN ITS ENTIRETY**.

DATED: **April 21, 2006**

~~Honora~~ble Edward J. Lodge
U. S. District Judge